UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOODEARTH MARITIME LTD.,                    :

        Plaintiff,                                  :         08 CV 2028 (RMB)
                                                                      ECF CASE
    - against -                                     :

CALDER SEACARRIER CORP.,                    :
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and        :
FENBY COMPANY LIMITED a.k.a. FENBY
CO. LTD.,                                                    :

        Defendants.                            :
------------------------------------------------------------X

*MAR 14 2008 — U.S.D.C. S.D.N.Y. CASHIERS*

## VERIFIED AMENDED COMPLAINT

The Plaintiff, GOODEARTH MARITIME LTD. (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Amended Complaint against the Defendants, CALDER SEACARRIER CORP. a.k.a. CALDER SEA CARRIER CORP. (hereinafter "Calder"), ROLSTON ENTERPRISES LTD. (hereinafter "Rolston") and FENBY COMPANY LIMITED a.k.a. FENBY CO. LTD. (hereinafter "Fenby")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Chennai, India.

3. Upon information and belief, at all material times, Defendant Calder was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

4. Upon information and belief, at all material times, Defendant Rolston was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

5. Upon information and belief, at all material times, Defendant Fenby was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

6. By a charter party dated January 4, 2008, which terms are confidential between the parties, Plaintiff chartered the motor vessel "GOOD TRADE" (hereinafter the "Vessel") to the Defendant Calder for the carriage of a cargo from "1/3 safe port safe China" to "1/3 safe port safe med."

7. Pursuant to clause 21 of the charter party described herein, the Defendant Calder was obligated to pay freight for the carriage of goods from the loadport(s) in China to the discharging port(s) in the Mediterranean.

8. Pursuant to clause 13 of the charter party, the total freight due under the charter party was a lumpsum of $3,500,000. Pursuant to clause 21 of the charter party, 97% of the freight minus applicable commission was to be paid within three banking days after completion of loading at each port.

9. The Vessel properly loaded its cargo in China and the Vessel arrived at the discharge port without incident.

10. Three banking days later, Calder failed to pay freight as required by the charter party terms.

11. The Plaintiff continued to demand payment of the outstanding freight due and owing under the charter party.

12. As a result of the defendant Calder's failure to timely remit the outstanding freight, the freight prepaid Bills of Lading were not released and the Vessel was detained at the discharge port.

13. Furthermore, the Plaintiff incurred the cost of underwater diving expenses at Singapore for the Vessel's touching bottom at Shanghai due to unsafe berth provided by Calder.

14. These underwater diving expenses are for Calder's account under the terms of the charter party and despite due demand, the defendant Calder has failed to reimburse the Plaintiff for these costs.

15. In breach of the charter party, defendant Calder failed to pay freight in a timely manner and failed to issue Bills of Lading in conformity with the charter party. As a result, Plaintiff incurred detention and interest on the unpaid freight at the commercial rate of 15.25% of the outstanding late freight while waiting off Misurata for freight to be paid and the Bills of Lading to be released as required by the charter party. The Plaintiff also incurred costs for underwater diving expenses *See Invoices from Goodearth to Calder dated March 5, 2008 annexed hereto as Exhibit "1."*

16. Upon information and belief, Calder ultimately paid the outstanding freight but has failed to pay the detention charges and other expenses that arose out of Calder's failure to pay freight and properly issue the Bills of Lading in breach of the charter party terms.

17. Specifically, Plaintiff has suffered losses in the total principal sum of $306,227.91, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

18. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

19. In accordance with the charter party, the Plaintiff has commenced arbitration in London and appointed its arbitrator.

20. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | | |
|---|---|---|---|---|
| A. | Principal claim: | | | $306,227.91 |
| | Detention | $270,000.0 | | |
| | Underwater diving expenses incurred at Singapore for vessel's touching bottom at Shanghai due to unsafe berth provided by Calder | $6,000.00 | | |
| | Interest on unpaid freight | $30,227.91 | | |
| B. | Estimated interest on the principal claim at 7.5% compounded quarterly for three years | | | $76,547.81 |
| C. | Estimated attorneys fees: | | | $50,000.00 |
| D. | Estimated Arbitration costs: | | | $50,000.00 |
| Total: | | | | **$482,775.72** |

21. Upon information and belief, Defendant Rolston is the alter ego of Defendant Calder because Calder dominates and disregards Rolston's corporate form to the extent that Calder is actually carrying on the business and operations of Rolston as if the same were its own.

22. Defendants Rolston and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece.

23. Upon information and belief, Defendant Rolston acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Calder, and/or receive payments being made to Defendant Calder.

24. Specifically, Defendant Rolston made at least three freight payments due and owing under the subject charter party on behalf of defendant Calder to the Plaintiff. *See Freight Payments annexed hereto as Exhibit "2."*

25. Upon information and belief, Defendant Calder uses Defendant Rolston as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

26. Although Rolston was not named in the charter party, and had no formal relationship to the charter of the Vessel they entered into an agreement by which they paid installments of the freight owing to Plaintiff from Calder.

27. It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter parties.

28. Upon information and belief, Defendant Rolston is a shell-corporation through which Defendant Calder conducts its business.

29. Upon information and belief, Defendant Rolston has no separate, independent identity from Defendant Calder.

30. In the further alternative, Defendants Rolston and Calder are partners or joint venturers.

31. Upon information and belief, Defendant Fenby is the alter ego of Defendant Calder because Calder dominates and disregards Fenby's corporate form to the extent that Calder is actually carrying on the business and operations of Fenby as if the same were its own.

32. Upon information and belief, Defendants Fenby and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece and common phone (+30210-9659910) and fax numbers (+30210-9659466).

33. Upon information and belief, Defendant Fenby is a shell-corporation through which Defendant Calder conducts its business.

34. Upon information and belief, Defendant Fenby has no separate, independent identity from Defendant Calder.

35. Upon information and belief, Fenby has been described in the shipping industry as a "paper company." Further, the Plaintiff commissioned company searches through Lloyd's MIU and Factiva which yielded no results except that Fenby is registered in the Marshall Islands.

36. In the further alternative, Defendants Fenby and Calder are partners or joint venturers.

37. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

38.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Amended Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$482,775.72** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Amended Complaint;

C.     That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: March 14, 2008
New York, NY

                              The Plaintiff,
                              GOODEARTH MARITIME LTD.,

By: _____
     Lauren C. Davies (LD 1980)
     Thomas L. Tisdale (TT5263)
     TISDALE LAW OFFICES, LLC
     11 West 42nd Street, Suite 900
     New York, NY 10036
     (212) 354-0025 (Phone)
     (212) 869-0067 (Fax)
     ldavies@tisdale-law.com
     ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut    )
                        )    ss: SOUTHPORT
County of Fairfield     )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: March 14, 2008
       Southport, Connecticut

_____
Lauren C. Davies

# EXHIBIT 1

Case 1:08-cv-02028-RMB    Document 4-2    Filed 03/14/2008    Page 1 of 8

**GOODEARTH MARITIME LTD**
TVH PHASE II, 5TH FLOOR
BLOCK NO 94, BELICIAA TOWERS
MRC NAGAR, CHENNAI 6000 028
Ph +91 44 43033444 (10 lines)  Fax +91 44 43033555

Debit Note No.: GML/GT/CALDER/V37-06/07-08
Date: 05.03.08

**Damages for Detention at dischrge port (Misurata)**

TO
CALDER SEACARRIER CORP.

| | Amount in USD |
|---|---|
| M.V.GOOD TRADE       c/p dated 04.01.08 | |
| Vessel arrived off Misurata  9.000 days
28.02.08-0030 hrs and estimated
waiting time till full freight is paid -
08.03.08-0030 hrs
Detention charges per day   30000.00 usd | 270,000.00 |
| Estimated cost of legal and other expenses due to charterers failure to pay freight and issue of illegal bills of lading in breach of cp terms. | 50,000.00 |
| Underwater diving expenses incurred at Singapore for vessel's touching bottom at Shangai due to unsafe berth provided by charterers | 6,000.00 |
| For Credit
Correspondant Bank In Newyork
Bank of America
100 West, 33rd Street, 4th Floor
New York NY 10001
Quoting our UID 113846 - via Chips or via Fedwire to
ABA No. 026009593
A/c No. 6550-5-91876 of Canara Bank, Chennai, India

Further credit to :
Beneficiary : Goodearth Maritime Ltd
Account no : GA 471
Canara Bank  Overseas Branch, Chennai
Swift: CNRBINBBMOB
Chennai 600 002.
India | |
| Total | 326,000.00 |

Amount Payable (in words)

(US Dollars Three Hundred Twenty Six Thousand Only)

Signature
For Goodearth Maritime Ltd

Capt.C.Murali Krishna
Joint-General Manager -Operations

| | | |
|---|---|---|
| GOODEARTH MARITIME LTD<br>TVH PHASE II, 5TH FLOOR<br>BLOCK NO 94, BELICIAA TOWERS<br>MRC NAGAR, CHENNAI 6000 028<br>Ph +91 44 43033444 (10 lines) Fax +91 44 | Common No. GML/GTICALDERN-31/07/08<br>Date: 05.03.08 | |
| | Interest on unpaid proportionate freight due advice for<br>1 st and  2nd load port | |

TO
CALDER SEACARRIER CORP.

| | | Amount in USD |
|---|---|---|
| M.V.GOOD TRADE | c/p dated 04.01.08 | |
| Propotionate initial freight due advice dt 22.01.08 for 1st load port (net of comissions) | $2,108,218.17 | |
| Loading completed on 22.01.08 | overdue from 25.01.08 | |
| Interest @ 15.25 % P.A. on USD 2108218.17 from 25.01.08 - 28.01.08 | $ 2108218.17 x 15.25% x 4 days/ 366 days | 3,513.70 |
| Amount receieved from charterers on 29.01.08 | $500,000 | |
| unpaid balance fright on 1st load port invoice $ | 1608218.17 | |
| Interest @ 15.25 % P.A. on USD 1608218.17 from 29.01.08-04.02.08 | $ 1608218.17 x 15.25% x 7 days/ 366 days | 4,690.64 |
| Amount receieved from charterers on 05.02.08 | $620,000 | |
| unpaid balance freight on 1st load port invoice $ | 988218.17 | |
| Interest @ 15.25% P.A. on USD on 988218.17 from 05.02.08-14.02.08 | $ 988218.17 x 15.25% x 10 days/ 366 days | 4,117.58 |
| Amount receieved from charterers on 15.02.08 | $985,000 | |
| unpaid balance freight on 1st load port as on 15.02.08 $ | 3218.17 | |
| Interest @ 15.25 % P.A. on 1st load port invoice from 15.02.08-08.03.08 | $ 3218.17 x 15.25% x 23 days/ 366 days | 30.84 |
| Propotionate initial freight due advice dt 30.01.08 for 2nd load port (net of comissions) | $1,159,469.33 | |
| Loading completed on 29.01.08 | overdue from 01.02.08 | |
| Interest @ 15.5 % P.A. on USD 1159469.30 from 01.02.08 - 08.03.08 | $ 1159469.30 x 15.25% x 37 days/ 366 days | 17,875.15 |

For Credit
Correspondant Bank in Newyork
Bank of America
100 West, 33rd Street, 4th Floor
New York, NY 10001
Quoting our UID 113846 - via Chips or via Fedwire to
ABA No. 026009593
A/c No. 6550-5-91876 of Canara Bank, Chennai,India

Further credit to :
Beneficiary : Goodearth Maritime Ltd
Account no : GA 471
Canara Bank Overseas Branch, Chennai
Swift: CNRBINBBMOB
Chennai 600 002,
India

Note : 1).Interest on 1st load port unpaid freight of $ 3218.17 would continue to accrue at the rate of $ 1.34 for every day from 08.03.08 till the date of payment.

2) Interest on 2nd load port unpaid freight of $ 1159469.33 would continue to accrue at the of $ 483.11 for every day from 08.03.08 till the date of payment.

| | |
|---|---|
| | 30,227.91 |
| Amount Payable :<br>(In words)<br>(US Dollars Thirty Thousand Two Hundred Twenty Seven and cents Ninety one only) | |
| Signature | For Goodearth Maritime Limited |
| | Capt.C.Murali Krishna<br>Joint Genral Manager - Operations |

# EXHIBIT 2

केनरा बैंक
CANARA BANK

*** RECEIVED MESSAGE ***    15-FEB-2008 19:55    page no : 4219
Status : MESSAGE DELIVERED
                        BEGINNING OF MESSAGE

```
*FIN/Session/OSN         :F01  9842   292578
*Own Address             :CNRBIN6DABID   CANARA BANK
*                                        MUMBAI
*                                        (INTERNATIONAL DIVISION)
*Output Message Type     :103            SINGLE CUSTOMER CREDT TRANSFER
*Input Time              :1356
*MIR                     :080215PIRBGRAAXXX4779570261
*Sent by                 :PIRBGRAAXXX    PIRAEUS BANK SA
*                                        ATHENS
*Output Date/Time        :080215/1726
*Priority                :Normal

*CG:{119:STP}?

*20 /SENDER'S REFERENCE
    F926T08036041
*23B/BANK OPERATION CODE
*   CRED
*32A/VAL DTE/CURR/INTERBNK SETTLD AMT
*   080215USD985000,
                                  15-FEB-2008
                                  US Dollar
*33B/CURRENCY/INSTRUCTED AMOUNT
*   USD985000,
                                  US Dollar
*50K/ORDERING CUSTOMER-NAME & ADDRESS
*   /GRI60072114000511403595144L
    ROLSTON ENTERPRISES LIMITED
    VOULA
    VAS. PAVLOU
    189       TK 16673
*53A/SENDER'S CORRESPONDENT - BIC
    IRVTUS3NXXX
                                  BANK OF NEW YORK
                                  NEW YORK, NY
*54A/RECEIVER'S CORRESPONDENT - BIC
    BOFAUS3N
                                  BANK OF AMERICA, N.A.
                                  NEW YORK, NY
*57A/ACCOUNT WITH INSTITUTION - BIC
    CNRBINBBMOS
                                  CANARA BANK
                                  CHENNAI (MADRAS)
                                  (CHENNAI OVERSEAS BRANCH)
*59 /BENEFICIARY CUSTOMER-NAME & ADDR
    /GA471
    GOODEARTH MARITIME LTD
*70 /REMITTANCE INFORMATION
    M/V GOOD TR-PAYMENT OF FREIGHT
*71A/DETAILS OF CHARGES
```

```
RTH MARITIME LTD                    CANARA BANK
ORTH CRESCENT ROAD                  OVERSEAS BRANCH CHENNAI
                                    GROUND FLOOR SPENCER'S TOWER II,
R, CHENNAI-17                       770-A  ANNA SALAI CHENNAI 600002 INDIA
 ,TAMIL NADU -600017                CHENNAI, TAMIL NADU -600002
                                                                  30-01-2008
```

## FOREIGN BILLS TRANSACTION ADVICE

```
o.  FITT-163-2008                   Operation : Realisation
                                    Transaction Date : 30-01-2008
ction Id : SC0561394                VALUE DATE :::29-01-2008

er Details:                ROUSTON
cy Conversion Details are as below :

     From Currency / Amount     Rate   To Currency / Amount

se :    USD         500020.00   39.3550    INR    19677500.00


ction Details are as below :

t       Account           Transaction       Cr/
        Number            Currency -- Amount Dr

ation   Office Acct       INR    19677500.00 Dr
ive     EWGA000000471     INR    19677500.00 Cr    39.3550
sion    Office Acct       INR         125.00 Cr
arge    Office Acct       INR          15.00 Cr
ive     EWGA000000471     INR         140.00 Dr
```

Good Travels ~V (37)

**CANARA BANK**

To:
GOODEARTH MARITIME LTD
32-D NORTH CRESCENT ROAD
T NAGAR, CHENNAI-17
CHENNAI : TAMIL NADU -600017
INDIA

: CANARA BANK
: OVERSEAS BRANCH CHENNAI
: GROUND FLOOR SPENCER'S TOWER II,
: 770-A ANNA SALAI CHENNAI 600002 INDIA
: CHENNAI : TAMIL NADU -600002

06-02-2008

## FOREIGN BILLS TRANSACTION ADVICE

Bill No. FIYY-214-2008
Transaction Id : SC0552572

Operation : Realisation
Transaction Date : 06-02-2008
VALUE DATE : 06-02-2008

Remitter Details:
Currency Conversion Details are as below :

RALSTON ENTERPRISES LTD

| Purchase : | From Currency / Amount | Rate | To Currency / Amount |
|---|---|---|---|
| | USD   620000.00 | 39.5700   INR | 24533400.00 |

Transaction Details are as below :

| Account Type | Account Number | Transaction Currency | Transaction Amount Dr | Cr/Dr |
|---|---|---|---|---|
| Realisation Office Acct | EWGA000000471 | INR | 24533400.00 | Dr |
| Operative | EWGA000000471 | INR | 24483400.00 | Cr |
| Commission Office Acct | | INR | 125.00 | Cr |
| P&T Charge Office Acct | | INR | 15.00 | Cr |
| Operative | EWGA000000471 | INR | 140.00 | Dr |

                                                                39.5700

TO,
GOODEARTH MARITIME LTD
32-D NORTH CRESCENT ROAD
T NAGAR, CHENNAI-17
CHENNAI, TAMIL NADU -600017
INDIA

CANARA BANK
OVERSEAS BRANCH CHENNAI
GROUND FLOOR SPENCER'S TOWER II,
770-A ANNA SALAI CHENNAI 600002 INDIA
CHENNAI, TAMIL NADU -600002

17-02-2008

## FOREIGN BILLS TRANSACTION ADVICE

Bill No. FITT-272-2008
Transaction Id : SC0564394

Operation : Realisation
Transaction Date : 18-02-2008
VALUE DATE : 19-02-2008

**Remitter Details:** HOUSTON ENTERPRISES LTD

**Currency Conversion Details are as below :**

| From Currency / Amount | Rate | To Currency / Amount |
|---|---|---|
| USD 985000.00 | 39.6350 | INR 39040475.00 |

**Transaction Details are as below :**

| Account Type | Account Number | Transaction Currency | Transaction Amount Dr | Cr/Dr |
|---|---|---|---|---|
| Purchase | | | | |
| Realisation Office Acct | EWGA000000471 | INR | 39040475.00 | Dr |
| Operative | EWGA000000471 | INR | 39040475.00 | Cr |
| Commission Office Acct | | INR | 125.00 | Cr |
| P&T Charge Office Acct | | INR | 15.00 | Cr |
| Operative | EWGA000000471 | INR | 140.00 | Dr |

39.6350