UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GOODEARTH MARITIME LTD.,                        **08 CV 2028 (RMB)**

                        Plaintiff,

                                                DECLARATION

        -against-


CALDER SEACARRIER CORP., a.k.a. CALDER
SEA CARRIER CORP., ROLSTON ENTERPRISES
LTD., and FENBY COMPANY LIMITED a.k.a.
FENBY CO. LTD.,


                        Defendants.
----------------------------------------X


        I, Garth S. Wolfson, hereby declare as follows:


        1.   I am a partner with the firm of Mahoney & Keane, LLP,
counsel of record for defendant FENBY COMPANY LIMITED a.k.a. FENBY
CO. LTD. (FENBY).  Based upon my personal knowledge and my review
of the file maintained by my office, I am familiar with the
proceedings in this case.

        2.   Herewith attached are true copies of the following:

                Exhibit A:    Plaintiff's Complaint;

                Exhibit B:    Ex Parte order for Process of
                              Maritime Attachment; and

                Exhibit C:    Declaration of Panos Michalitses.


                                1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2008
New York, New York

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Defendant
FENBY COMPANY LIMITED a.k.a.
FENBY CO. LTD.

By:
_____
Garth S. Wolfson (GW 7700)
11 Hanover Square, Tenth Floor
New York, New York 10005
(212) 385-1422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GOODEARTH MARITIME LTD.,                          :

               Plaintiff,                      :

     - against -                            :

CALDER SEACARRIER CORP.,                          :
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and                     :
FENBY COMPANY LIMITED a.k.a. FENBY
CO. LTD.,                                         :

              Defendants.                      :
-------------------------------------------------------X

08 CV 2028 (RMB)
ECF CASE

MAR 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## <u>VERIFIED AMENDED COMPLAINT</u>

The Plaintiff, GOODEARTH MARITIME LTD. (hereinafter "Plaintiff"), by its

attorneys, Tisdale Law Offices, LLC, as and for its Verified Amended Complaint against the

Defendants, CALDER SEACARRIER CORP. a.k.a. CALDER SEA CARRIER CORP.

(hereinafter "Calder"), ROLSTON ENTERPRISES LTD. (hereinafter "Rolston") and FENBY

COMPANY LIMITED a.k.a. FENBY CO. LTD. (hereinafter "Fenby")(collectively referred to

as "Defendants") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

    2.    At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of foreign law with a principal place of business in Chennai, India.

    3.    Upon information and belief, at all material times, Defendant Calder was and still

is an entity duly organized and existing by virtue of foreign law with a principal place of

business in Athens, Greece.

–1–

4.     Upon information and belief, at all material times, Defendant Rolston was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

5.     Upon information and belief, at all material times, Defendant Fenby was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

6.     By a charter party dated January 4, 2008, which terms are confidential between the parties, Plaintiff chartered the motor vessel "GOOD TRADE" (hereinafter the "Vessel") to the Defendant Calder for the carriage of a cargo from "1/3 safe port safe China" to "1/3 safe port safe med."

7.     Pursuant to clause 21 of the charter party described herein, the Defendant Calder was obligated to pay freight for the carriage of goods from the loadport(s) in China to the discharging port(s) in the Mediterranean.

8.     Pursuant to clause 13 of the charter party, the total freight due under the charter party was a lumpsum of $3,500,000.  Pursuant to clause 21 of the charter party, 97% of the freight minus applicable commission was to be paid within three banking days after completion of loading at each port.

9.     The Vessel properly loaded its cargo in China and the Vessel arrived at the discharge port without incident.

10.     Three banking days later, Calder failed to pay freight as required by the charter party terms.

11.     The Plaintiff continued to demand payment of the outstanding freight due and owing under the charter party.

12.     As a result of the defendant Calder's failure to timely remit the outstanding freight, the freight prepaid Bills of Lading were not released and the Vessel was detained at the discharge port.

13.     Furthermore, the Plaintiff incurred the cost of underwater diving expenses at Singapore for the Vessel's touching bottom at Shanghai due to unsafe berth provided by Calder.

14.     These underwater diving expenses are for Calder's account under the terms of the charter party and despite due demand, the defendant Calder has failed to reimburse the Plaintiff for these costs.

15.     In breach of the charter party, defendant Calder failed to pay freight in a timely manner and failed to issue Bills of Lading in conformity with the charter party. As a result, Plaintiff incurred detention and interest on the unpaid freight at the commercial rate of 15.25% of the outstanding late freight while waiting off Misurata for freight to be paid and the Bills of Lading to be released as required by the charter party. The Plaintiff also incurred costs for underwater diving expenses *See Invoices from Goodearth to Calder dated March 5, 2008 annexed hereto as Exhibit "1."*

16.     Upon information and belief, Calder ultimately paid the outstanding freight but has failed to pay the detention charges and other expenses that arose out of Calder's failure to pay freight and properly issue the Bills of Lading in breach of the charter party terms.

17.     Specifically, Plaintiff has suffered losses in the total principal sum of $306,227.91, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

18.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

–3–

19.    In accordance with the charter party, the Plaintiff has commenced arbitration in London and appointed its arbitrator.

20.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $306,227.91 |
| | Detention | $270,000.0 | |
| | Underwater diving expenses incurred at Singapore for vessel's touching bottom at Shanghai due to unsafe berth provided by Calder | $6,000.00 | |
| | Interest on unpaid freight | $30,227.91 | |
| B. | Estimated interest on the principal claim at 7.5% compounded quarterly for three years | | $76,547.81 |
| C. | Estimated attorneys fees: | | $50,000.00 |
| D. | Estimated Arbitration costs: | | $50,000.00 |
| Total: | | | **$482,775.72** |

21.    Upon information and belief, Defendant Rolston is the alter ego of Defendant Calder because Calder dominates and disregards Rolston's corporate form to the extent that Calder is actually carrying on the business and operations of Rolston as if the same were its own.

22.    Defendants Rolston and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece.

23.     Upon information and belief, Defendant Rolston acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Calder, and/or receive payments being made to Defendant Calder.

24.     Specifically, Defendant Rolston made at least three freight payments due and owing under the subject charter party on behalf of defendant Calder to the Plaintiff. *See Freight Payments annexed hereto as Exhibit "2."*

25.     Upon information and belief, Defendant Calder uses Defendant Rolston as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

26.     Although Rolston was not named in the charter party, and had no formal relationship to the charter of the Vessel they entered into an agreement by which they paid installments of the freight owing to Plaintiff from Calder.

27.     It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter parties.

28.     Upon information and belief, Defendant Rolston is a shell-corporation through which Defendant Calder conducts its business.

29.     Upon information and belief, Defendant Rolston has no separate, independent identity from Defendant Calder.

30.     In the further alternative, Defendants Rolston and Calder are partners or joint venturers.

31.    Upon information and belief, Defendant Fenby is the alter ego of Defendant Calder because Calder dominates and disregards Fenby's corporate form to the extent that Calder is actually carrying on the business and operations of Fenby as if the same were its own.

32.    Upon information and belief, Defendants Fenby and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece and common phone (+30210-9659910) and fax numbers (+30210-9659466).

33.    Upon information and belief, Defendant Fenby is a shell-corporation through which Defendant Calder conducts its business.

34.    Upon information and belief, Defendant Fenby has no separate, independent identity from Defendant Calder.

35.    Upon information and belief, Fenby has been described in the shipping industry as a "paper company." Further, the Plaintiff commissioned company searches through Lloyd's MIU and Factiva which yielded no results except that Fenby is registered in the Marshall Islands.

36.    In the further alternative, Defendants Fenby and Calder are partners or joint venturers.

37.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

-6-

38.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Amended Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$482,775.72** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Amended Complaint;

C.    That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

–7–

    D.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

    E.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: March 14, 2008
       New York, NY

                      The Plaintiff,
                      GOODEARTH MARITIME LTD.,

By:                     
                      Lauren C. Davies (LD 1980)
                      Thomas L. Tisdale (TT5263)
                      TISDALE LAW OFFICES, LLC
                      11 West 42nd Street, Suite 900
                      New York, NY 10036
                      (212) 354-0025 (Phone)
                      (212) 869-0067 (Fax)
                      ldavies@tisdale-law.com
                      ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )      ss: SOUTHPORT
County of Fairfield   )

    1.     My name is Lauren C. Davies.

    2.     I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3.     I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

    4.     I have read the foregoing Verified Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5.     The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6.     The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: March 14, 2008
       Southport, Connecticut

_____
Lauren C. Davies

# EXHIBIT 1

**GOODEARTH MARITIME LTD**
TVH PHASE II , 5TH FLOOR
BLOCK NO 94 , BELICIAA TOWERS
MRC NAGAR , CHENNAI 6000 028
Ph +91 44 43033444 (10 lines)  Fax +91 44 43033555

| Debit Note No | GML/GT/CALDER/V37-06/07-08 |
|---|---|
| Date | |

Damages for Detention at dischrge port
(Misurata)

TO
CALDER SEACARRIER CORP.

| | Amount in USD |
|---|---|
| M.V.GOOD TRADE                                  c/p dated 04.01.08 | |
| | |
| Vessel arrived off Misurata            9.000 days | |
| 28.02.08-0030 hrs and estimated | |
| waiting time till full freight is paid - | |
| 08.03.08-0030 hrs | |
| | |
| Detention charges per day       30000.00 usd | |
| | 270,000.00 |
| | |
| Estimated cost of legal and other expenses due to charterers failure to pay freight and | 50,000.00 |
| issue of illegal bills of lading in breach of cp terms. | |
| | |
| Underwater diving expenses incurred at Singapore for vessel's touching bottom | 6,000.00 |
| at Shangai due to unsafe berth provided by charterers | |
| | |
| For Credit | |
| Correspondant Bank in Newyork | |
| Bank of America | |
| 100 West, 33rd Street, 4th Floor | |
| New York NY 10001 | |
| Quoting our UID 113846 - via Chips or via Fedwire to | |
| ABA No. 026009593 | |
| A/c No. 6550-5-91876 of Canara Bank, Chennai,India | |
| | |
| Further credit to : | |
| Beneficiary : Goodearth Maritime Ltd | |
| Account no : GA 471 | |
| Canara Bank  Overseas Branch, Chennai | |
| Swift: CNRBINBBMOB | |
| Chennai 600 002. | |
| India | |
| Total | 326,000.00 |

Amount Payable
(in words)

(US Dollars Three Hundred Twenty Six Thousand Only)

Signature

For Goodearth Maritime Ltd

Capt.C.Murali Krishna
Joint-General Manager -Operations

GOODEARTH MARITIME LTD
TVH PHASE II , 5TH FLOOR
BLOCK NO 94 , BELICIAA TOWERS
MRC NAGAR , CHENNAI 6000 028
Ph +91 44 43033444 (10 lines)  Fax +91 44

| | |
|---|---|
| Our INVOICE No : GML/ | |
| Date: | 05.03.08 |

Interest on unpaid proportionate freight due advice for
1st and  2nd load port

TO
CALDER SEACARRIER CORP.

| | | Amount in USD |
|---|---|---|
| M.V.GOOD TRADE | c/p dated  04.01.08 | |
| Propotionate initial freight due advice dt 22.01.08 for 1st load port (net of comissions) | $2,108,218.17 | |
| Loading completed on 22.01.08 | overdue from 25.01.08 | |
| Interest @ 15.25 % P.A. on USD 2108218.17 from 25.01.08 - 28.01.08 | $ 2108218.17 x 15.25% x 4 days/ 366 days | 3,513.70 |
| Amount recieved from charterers on 29.01.08 | $500,000 | |
| unpaid balance frieght on 1st load port invoice  $ | 1608218.17 | |
| Interest @ 15.25 % P.A on USD 1608218.17 from 29.01.08-04.02.08 | $ 1608218.17 x 15.25% x 7 days/ 366 days | 4,690.64 |
| Amount received from charterers on 05.02.08 | $620,000 | |
| unpaid balance freight  on 1st load port invoice $ | 988218.17 | |
| Interest @ 15.25% P.A. on USD on 988218.17 from 05.02.08-14.02.08 | $ 988218.17 x 15.25% x 10 days/ 366 days | 4,117.58 |
| Amount received from charterers on 15.02.08 | $985,000 | |
| unpaid balance freight  on 1st load port as on 15.02.08 3218.17 $ | | |
| Interest @ 15.25 % P.A on 1st load port invoice  from 15.02.08-03.03.08 | $ 3218.17 x 15.25% x 23 days/ 366 days | 30.84 |
| Propotionate initial freight due advice dt 30.01.08 for 2nd load port (net of comissions) | $1,159,469.33 | |
| Loading completed on 30.01.08 | overdue from 01.02.08 | |
| Interest @ 15.5 % P.A on USD 1159469.30 from 01.02.08 - 08.03.08 | $ 1159469.30 x 15.25% x 37 days/ 366 days | 17,875.15 |

For Credit
Correspondant Bank to Newyork
Bank of America
100 West, 33rd Street, 4th Floor
New York, NY 10001
Quoting our UID 113846 - via Chips or via Fedwire to
ABA No. 026009593
A/c No. 6550-5-91876 of Canara Bank, Chennai,India

Further credit to :
Beneficiary : Goodearth Maritime Ltd
Account no : GA 471
Canara Bank  Overseas Branch, Chennai
Swift: CNRBINBBMOB
Chennai 600 002.
India

Note : 1).Interest on 1st load port unpaid freight of $ 3218.17 would continue to accrue at the rate of $ 1.34
for every day from 08.03.08 till the date of payment.

2) Interest on 2nd load port unpaid freight of $ 1159469.33 would continue to accrue at the of $ 483.11
for every day from 08.03.08 till the date of payment.

| | | 30,227.91 |
|---|---|---|

Amount Payable :
(In words)
(US Dollars Thirty Thousand Two Hundred Twenty Seven and cents Ninety one only)

Signature

For Goodearth Maritime Limited

Capt.C.Murali Krishna
Joint Genral Manager - Operations

# EXHIBIT 2

केनरा बैंक

CANARA BANK

*** RECEIVED MESSAGE *****                    15-FEB-2008 19:55  page no : 9259

tus : MESSAGE DELIVERED
tion : 2              BEGINNING OF MESSAGE

D *FIN/Session/OSN        :F01   9842   292578
D *Own Address            :CNRBINGBAMID  CANARA BANK
*                                         MUMBAI
*                                         (INTERNATIONAL DIVISION)
D *Output Message Type    :103            SINGLE CUSTOMER CREDIT TRANSFER
D *Input Time             :1356
D *MIR                    :080215PIRBGRAAAXXX4779570261
D *Sent by               :PIRBGRAAAXXX  PIRAEUS BANK SA
*                                         ATHENS
D *Output Date/Time       :080215/1726
D *Priority               :Normal

D *CG{1195STP}

D *20/SENDER'S REFERENCE
D    F924T080354041
D *23B/BANK OPERATION CODE
D *     CRED
D *32A/VAL DTE/CURR/INTERBANK SETTLE AMT
D    080215USD985.000.
D *                      15-FEB-2008
D *                      US Dollar
D *33B/CURRENCY/INSTRUCTED AMOUNT
D *  USD985000,
D *                      US Dollar
D *50K/ORDERING CUSTOMER-NAME & ADDRESS
D *  /GR1600172414000511403395141
D *  ROLSTON ENTERPRISES LIMITED
D *  VOULA
D *  VAS. PAVLOU
D *  100.           TK 16673
D *53A/SENDER'S CORRESPONDENT - BIC
*    IRVTUS3NXXX
*                      BANK OF NEW YORK
*                      NEW YORK,NY

D *54A/RECEIVER'S CORRESPONDENT - BIC
*    BOFAUS3N
*                      BANK OF AMERICA, N.A.
*                      NEW YORK,NY

D *57A/ACCOUNT WITH INSTITUTION - BIC
*    CNRBINBBMDB
*                      CANARA BANK
*                      CHENNAI (MADRAS)
*                      (CHENNAI OVERSEAS BRANCH)

D *59 /BENEFICIARY CUSTOMER-NAME & ADDR
*    /6A471
*    GOODEARTH MARITIME LTD
D *70 /REMITTANCE INFORMATION
*    M/V GOOD TR-PAYMENT OF FREIGHT
*71A/DETAILS OF CHARGES

```
RTH MARITIME LTD                    : CANARA BANK
DRTH CRESCENT ROAD                  : OVERSEAS BRANCH CHENNAI
R, CHENNAI-17                       : GROUND FLOOR SPENCER'S TOWER II,
[ ,TAMIL NADU -600017               : 770-A  ANNA SALAI CHENNAI 600002 INDIA
                                    : CHENNAI, TAMIL NADU -600002
                                    :                         30-01-2008
                                    :
```

```
              FOREIGN BILLS TRANSACTION ADVICE
o.  FITT-163-2008                   Operation : Realisation
ction Id : SCO561394                Transaction Date : 30-01-2008
                                    VALUE DATE :::29-01-2008

er Details:              ROYSTON
cy Conversion Details are as below :

    From Currency  / Amount      Rate  To Currency  / Amount

se :     USD     500000.00     39.3550    INR     19677500.00


ction Details are as below :

t        Account         Transaction        Cr/
         Number          Currency —  Amount  Dr

ation   Office Acct      INR     19677500.00 Dr
ive     EWGA000000471    INR     19677500.00 Cr    39.3550
sion    Office Acct      INR          125.00 Cr
arge    Office Acct      INR           15.00 Cr
ive     EWGA000000471    INR          140.00 Dr
```

CANARA BANK

To:
GOODEARTH MARITIME LTD
32-D NORTH CRESCENT ROAD
T NAGAR, CHENNAI-17
CHENNAI ,TAMIL NADU -600017
INDIA

- CANARA BANK
- OVERSEAS BRANCH CHENNAI
- GROUND FLOOR SPENCER'S TOWER 1 1,
- 770-A ,ANNA SALAI CHENNAI 600002 INDIA
- CHENNAI ,TAMIL NADU -600002
- 06-02-2008

FOREIGN BILLS TRANSACTION ADVICE

Operation : Realisation
Transaction Date : 06-02-2008
VALUE DATE :: 06-02-2008

Bill No. FITT-214-2008
Transaction Id : SDD562572

Remittor Details: ROBUST ONE ENTERPRISES LTD
Currency Conversion Details are as below :

| From Currency / Amount | | Rate | To Currency / Amount | |
|---|---|---|---|---|
| Purchase : | USD | 62000.00 | 39.5700 | INR | 2453340.00 |

Transaction Details are as below :

| Account Type | Account Number | Transaction Currency -- | Transaction Amount Dr/Cr |
|---|---|---|---|
| Realisation Office Acct | EWGA00000471 | INR | 2453340.00 Dr |
| Operative | EWGA00000471 | INR | 2453340.00 Cr |
| Commission | Office Acct | INR | 125.00 Cr |
| P&T Charge | Office Acct | INR | 15.00 Cr |
| Operative | EWGA00000471 | INR | 140.00 Dr |

```
To,
GOODEARTH MARITIME LTD        :    CANARA BANK
32-D NORTH CRESCENT ROAD       :    OVERSEAS BRANCH CHENNAI
T NAGAR,                       :    GROUND FLOOR SPENCER'S TOWER II,
CHENNAI, CHENNAI-17            :    770-A  ANNA SALAI CHENNAI 600002 INDIA
INDIA                          :    CHENNAI, TAMIL NADU -600002
                               :                                17-02-2008
```

```
                                   FOREIGN BILLS TRANSACTION ADVICE

Bill No.  FITT-272-2008                     Operation : Realisation
Transaction Id : SC0564394                  Transaction Date : 18-02-2008
                                            VALUE DATE : 18-02-2008
Remitter Details:              GOODEARTH ENTERPRISES LTD
Currency Conversion Details are as below :

          From Currency / Amount      Rate To Currency  / Amount
         ------------------------     ----------------------------
Purchase : USD    985000.00    39.6350    INR    39040475.00

Transaction Details are as below :

Account                  Transaction   Cr/
Type       Account       Currency --   Amount Dr
           Number
-------------------------------------------------------------------
Realisation Office Acct  INR      39040475.00 Dr
Operative  EWSA000300471  INR      39040475.00 Cr  39.6350
Commission Office Acct   INR          125.00 Cr
P&T Charge  Office Acct   INR           15.00 Cr
Operative  EWSA000300471  INR          140.00 Dr
```

*(handwritten: Berlman J    Fih 6 50)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GOODEARTH MARITIME LTD.,                          :

              Plaintiff,                          :           08 Civ. 2028 (RMB)
                                                              ECF CASE
       - against -                                :

CALDER SEACARRIER CORP.,                          :
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and                     :
FENBY COMPANY LIMITED a.k.a. FENBY
CO. LTD.,                                         :

              Defendants.                         :
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03-18-08

## AMENDED EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on March 14, 2008, Plaintiff, GOODEARTH MARITIME, LTD., filed an

Verified Amended Complaint herein for damages amounting to **$482,775.72** inclusive of interest,

costs and reasonable attorney's fees, and praying for the issuance of Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendants' property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Amended Complaint and the

Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it

is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against

all tangible or intangible property belonging to, claimed by or being held for the Defendants by

MICROFILMED

MAR 1 8 2008 -3 10 PM

any garnishees within this District, including but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP

Morgan Chase, Standard Chartered Bank and/or Wachovia Bank, in an amount up to and

including $482,775.72, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure; and it is further

  **ORDERED** that any person claiming an interest in the property attached or garnished

pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at

which the Plaintiff shall be required to show cause why the attachment and garnishment should

not be vacated or other relief granted; and it is further

  **ORDERED** that supplemental process enforcing the Court's Order may be issued by the

Clerk upon application without further Order of the Court; and it is further

  **ORDERED** that following initial service by the United States Marshal or other

designated process server upon each garnishee, that supplemental service of the Process of

Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile

transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is

further

  **ORDERED** that service on any garnishee as described above is deemed effective

continuous service throughout the day from the time of such service through the opening of the

garnishee's business the next business day; and it is further

  **ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee

may consent, in writing, to accept service by any other means; and it is further

ORDERED that a copy of this Order be attached to and served with said Process of

Maritime Attachment and Garnishment.

Dated: _____3/17/08_____, 2008

SO ORDERED:

_RMB_

U. S. D. J.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GOOD EARTH MARITIME LTD.,

             Plaintiff,

      - against –

CALDER SEACARRIER CORP.,
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and
FENBY COMPANY LIMITED a.k.a FENBY
CO. LTD

         Defendants.
------------------------------------------------------X

08 CV 2028 (RMB)
ECF CASE

## DECLARATION OF PANOS MICHALITSES

I, PANOS MICHALITSES, of 145 Koloktroni Street, Piraeus, Greece hereby declare as follows:-

1.    I am the manager of Fenby Company Limited ("Fenby") and have the responsibility for its day to day business especially its vessel chartering activities. I am making this statement to ask the Court to vacate the attachment under an order made by this Court in this case, of US$482,775.72 belonging to Fenby which was being paid by Fenby to a third party. I understand this money has been attached because it has been claimed by the Plaintiff that Fenby is an "alter ego" of Calder Seacarrier Corp or just a shell corporation through which Calder Seacarrier Corp carries on its business.

2.    I also understand that the Plaintiff bases this only on the claim that Fenby and Calder are supposed to have the same address, phone and

fax number which the Plaintiff gives as Voula, Vas.Pavlou, Athens, Greece; phone +30210-9659910; fax +30210-9659466.

3.  I confirm that Fenby, which is a company incorporated under the laws of the Marshall Islands, is not an "alter ego" of Calder Seacarrier Corp or a shell corporation through which Calder Seacarrier Corp carries on its business and also that Fenby's address and phone/fax details are completely different from Fenby. These details are:

    145 Kolokotroni Street

    Piraeus

    Greece

    Tel/Fax:210 4186485

    The statements made on behalf of the Plaintiff are therefore completely wrong and the attachment of the above mentioned money of Fenby is on a completely wrong basis. Fenby is an independent company and its monies should not be attached in this matter, and on behalf of Fenby I reject any suggestion otherwise.

4.  Also, I have today approached Fenby's bank, the Piraeus Bank SA Agias Triadas Branch, and in particular Mr Nikos Tsanis who is the manager of that branch. I attach to this declaration a true copy of the confirmation to that the Piraeus Bank SA Agias Triada branch has provided me to be presented to the Court, which confirms Fenby's address and telephone number.

5.    Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed

PANOS MICHALITSES

At Piraeus this 24th day of June 2008

 PIRAEUS BANK

To

FENBY COMPANY LIMITED

Piraeus, June, 24, 2008

Dear sir/s,

We the undersigned PIRAEUS BANK S.A. AGIAS TRIADAS Branch in reply to your relevant written request, dated June, 23, 2008, we confirm that according to the elements Fenby has provided us, with,

FENBY COMPANY LIMITED is a Marshall Island company, operating from the following address :

145, KOLOKOTRONI STR

18536, PIRAEUS, GREECE

Tel. 210 4186485

Yours Sincerely,

PIRAEUS BANK S.A.

Agia Triada  BRANCH

Nikos Tsamis