08 CV 2028 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GOODEARTH MARITIME LTD.,

                        Plaintiff,

     -against-

CALDER SEACARRIER CORP., a.k.a. CALDER
SEA CARRIER CORP., ROLSTON ENTERPRISES
LTD., and FENBY COMPANY LIMITED a.k.a.
FENBY CO. LTD.,

                      Defendants.
----------------------------------------X

                MEMORANDUM OF LAW IN SUPPORT
                  OF ORDER TO SHOW CAUSE


Of Counsel

Garth S. Wolfson


                  MAHONEY & KEANE, LLP
               Attorneys for Defendant
      FENBY COMPANY LIMITED a.k.a. FENBY CO. LTD.
         11 Hanover Square, Tenth Floor
           New York, New York 10005
              (212) 385-1422

## STATEMENT OF FACTS

Plaintiff caused an <u>ex parte</u> writ of maritime attachment to be issued to secure a claim plaintiff intends to arbitrate for $482,775.72 in purported unpaid freight and underwater diving expenses allegedly owed pursuant to plaintiff's charter party with defendant CALDER SEACARRIER CORP. a.k.a. CALDER SEA CARRIER CORP. (CALDER).   <u>See, generally</u>, Complaint, Exhibit A to Wolfson Declaration; Order, Exhibit B to Wolfson Declaration.  Defendant FENBY COMPANY LIMITED a.k.a. FENBY CO. LTD. (FENBY), as well as defendant ROLSTON ENTERPRISES LTD. (ROLSTON), are not signatories to the charter party but are named as alleged "alter-ego's" of CALDER.  A FENBY electronic funds transfer for the full amount was attached on or about June 20, 2008.

The only specific factual allegations in support of the alter-ego claim against ROLSTON, aside from the "boilerplate" conclusory allegations of corporate domination and control, are that both ROLSTON and CLADER share the same address of Voula, Vas Pavlou, Athens, Greece, and that ROLSTON made freight payments on behalf of CALDER.  (Complaint, Exhibit A to Wolfson Declaration, at ¶¶ 21-30).

As to FENBY, the Complaint does not even go that far, merely alleging that FENBY and CALDER also share that address.  <u>Id.</u> at ¶¶ 32-36.  And, in the event the Court is inclined to look beyond the pleadings for any reason, even that one allegation is, in fact, erroneous.  (Michalitses Declaration, Exhibit C to Wolfson Declaration, at ¶ 3).

1

## ARGUMENT

**PRELIMINARY STATEMENT.**

After attaching property under Rule B, "plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. E(4)(f). "The plaintiff has the burden of showing why the seizure should not be vacated." Fed. R. Civ. P. E advisory committee's note.

To comply with constitutional due process, the hearing must be "prompt." Id. Accordingly, "[t]he adversary hearing following arrest or attachment or garnishment that is called for in supplemental Rule E(4)(f) shall be conducted within three (3) court days, unless otherwise ordered." Local Admiralty Rule E.1.

FENBY respectfully submits that the papers which caused the writ of maritime attachment and garnishment in this case to be issued are prima facie deficient under Rule B, as well as Rule 12, of the Federal Rules of Civil Procedure, and the order of attachment should be vacated, accordingly.

2

POINT I.  THE ATTACHMENT SHOULD BE VACATED ON THE GROUND THAT PLAINTIFF HAS FAILED TO PRESENT FACTS SUFFICIENT TO SUPPORT THE ALLEGATION THAT FENBY IS AN "ALTER-EGO" OF THE CONTRACTING PARTY.

"Piercing of the corporate veil" is only allowable where:

> (1) a corporation uses its alter ego to perpetrate a fraud or (2) where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own.

Status Int'l S.A. v. M/V Esperanza C, 994 F. Supp. 182, 186 (S.D.N.Y. 1998) (citing Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 342 (2d Cir. 1986); Kirno Hill Corp. v. Holt, 618 F.2d 982, 984-85 (2d Cir. 1980)).

Moreover, Supplemental Rule E demands a level of "particularity" greater than that otherwise tolerated in a normal notice pleading. See Fed. R. Civ. P. E(2)(a); see also, P.R. Ports Auth. V. Barge Katy-B, 427 F.3d 93, 105 (1st Cir. 2005)("This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but, rather a legal rule designed to counterbalance the unique and drastic remedies that are available in in rem admiralty proceedings.").

Accordingly, a Rule B attachment of an alleged alter ego's property can not be sustained in the absence of allegations, with particularity, of at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil. See, generally, Dolco Investments, Ltd. v. Moon river Development, Ltd., 486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007) ("Dolco fails to meet this burden because it has not included any

3

factual allegations that GML exercised complete domination over Moonriver. Other than the conclusory allegation of domination, the Complaint and the Amended Complaint both allege that GML paid Moonriver's debts to Dolco 'from time to time' . . . [M]ore is required."); see also, Stevedoring Serv's of Am. v. Ancora Transp., N.V., 59 F.3d 879, 883 (9th Cir. 1995) ("Armilla (London) introduced evidence that Ancora was the only party to the stevedoring contract with SSA and that Armilla (London), not Ancora, owned the funds in question. SSA offered little more than bare assertions that Armilla (London) was an alter ego of Ancora."); Ullises Shipping Corp. v. FAL Shipping Co., No. 05 Civ. 9424 (SAS), 2006 U.S. Dist. LEXIS 2283, *19 (S.D.N.Y. Jan. 20, 2006) ("Ullises provides no facts in support of its 'partner' and 'joint venturer' theories, nor does it present any evidence that the FAL defendants use one another as alter egos to perpetrate a fraud. Furthermore, with regard to FAL energy, the evidence Ullises presents falls short of creating reasonable grounds for attaching FAL Energy's assets. It is not sufficient that FAL Energy and other FAL Defendants share common ownership. Nor is it sufficient that FAL Energy does not observe some of the formalities of separate corporate existence."); Atwood Navigation, Inc. v. M/V Rizal, No. 89-1221, 1989 U.S. Dist. LEXIS 1828, *4 (E.D. Pa. Feb. 24, 1989) ("Plaintiff Atwood suggests that, in due time, it will show that the court should 'pierce the corporate veil' to reach defendant Shipping and Trading. This proposition

is offered without any support. I cannot conclude in light of the record that plaintiff has met its burden under Supplemental Rule E(4)(f)."); <u>International Marine Consultants, Inc. v. Captain A. Karavias</u>, No. 82 Civ. 8296 (CMM), 1985 U.S. Dist. LEXIS 19272, *14 (S.D.N.Y. Jun. 3, 1985) ("Plaintiff's allegation that Karavias used these corporations to insulate himself from liability is unsubstantiated.").

As far as FENBY is concerned, the complaint at bar completely fails to allege specific facts which can support an "alter ego" claim under Rule B. Again, the only particular allegation as to FENBY is that it shares a common address with CALDER, a fact which is plainly insufficient as a matter of law under Rule E's heightened pleading standard. (Complaint, Exhibit A to Wolfson Declaration, at ¶¶ 32-36).

Moreover, while FENBY understands that the Court may limit its analysis to the pleadings (an analysis which FENBY feels should readily result in dismissal), it is constrained to point out that even that one paltry allegation is, actually, categorically untrue. (Michalitses Declaration, Exhibit C to Wolfson Declaration, at ¶ 3).

The Court is respectfully reminded that we are dealing with the <u>ex parte</u> seizure of a party's assets, and the complete disruption of its ability to do business, based on nothing more than unproven allegations. <u>See, generally</u>, <u>Great E. Shipping Co. v. Phoenix Shipping Corp.</u>, No. 07 Civ. 8373 (DLC), 2007 U.S.

5

Dist. LEXIS 88911 (Dec. 4, 2007) ("[E]x parte proceedings, 'untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants.'") (quoting United States v. Minker, 350 U.S. 179, 188, 76 S. Ct. 281, 100 L. Ed. 185 (1956)). The attachment plaintiff obtained as against FENBY based only on this meager showing, having now been challenged, should not be allowed to continue.

**CONCLUSION.**

WHEREFORE, FENBY urges the Court to vacate the ex parte order of maritime attachment and garnishment and grant to FENBY such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        June 24, 2008

    Respectfully submitted,

    MAHONEY & KEANE, LLP
    Attorneys for Defendant
    FENBY COMPANY LIMITED a.k.a.
    FENBY CO., LTD.

By: _____
    Garth S. Wolfson (GW 7700)
    11 Hanover Square, Tenth Floor
    New York, New York 10005
    (212) 385-1422