UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
GOODEARTH MARITIME LTD.,

                                                       08 Civ. 2028 (RMB)

                      Plaintiff,

      -against-

CALDER SEACARRIER CORP., a.k.a. CALDER
SEA CARRIER CORP., ROLSTON ENTERPRISES
LTD., and FENBY COMPANY LIMITED a.k.a.
FENBY CO. LTD.,

                    Defendants.
------------------------------------------X


**REPLY MEMORANDUM OF LAW**




Garth S. Wolfson (GW 7700)

    Of Counsel




                    MAHONEY & KEANE, LLP
                  Attorneys for Defendant
    FENBY COMPANY LIMITED a.k.a. FENBY CO. LTD.
      11 Hanover Square, Tenth Floor
        New York, New York 10005
           (212) 385-1422

**TABLE OF CONTENTS**

*Page*

REPLY ARGUMENT..................................................1

POINT I.        THE ATTACHMENT SHOULD BE VACATED UNDER THE
                "PRIMA FACIE" STANDARD..........................1

POINT II.       EVEN WERE THE COURT TO CONSIDER THE NEWLY-
                PRESENTED FACTUAL ALLEGATIONS AS IF THEY
                HAD BEEN PLEADED, THEY WOULD STILL FAIL TO
                ESTABLISH A PRIMA FACIE ALTER-EGO CLAIM.........3

CONCLUSION......................................................6

<u>REPLY ARGUMENT</u>

POINT I.   THE ATTACHMENT SHOULD BE VACATED UNDER THE "<u>PRIMA FACIE</u>" STANDARD.

Plaintiff has devoted much attention to the argument that the sufficiency of the Rule B attachment should be assessed based only on the face of the allegations contained in plaintiff's Complaint, without examining extrinsic materials.

However, FENBY has already conceded that to be the majority view in this District. FENBY's point, in accordance with this standard, was that the Complaint's alter-ego allegations as against FENBY "are <u>prima facie</u> deficient under Rule B, as well as Rule 12, of the Federal Rules of Civil Procedure," and fail to even come close to meeting the heightened pleading standard of Rule E(2)(a) of the Supplemental Rules. <u>See, generally</u>, FENBY's Memorandum of Law.

Looking only to the Complaint, as plaintiff urges the Court to do, there remains no dispute that there is only one factual allegation, the rest being the same conclusory, boilerplate alter-ego allegations found by innumerable prior courts to be insufficient on their own to support Rule B relief against a purported alter-ego. <u>Id.</u> That factual allegation charges that FENBY shares a common address with CALDER, a fact, incidentally, as discussed below, FENBY denies.

No authority has been presented which supports the proposition that the mere addition of an allegation of common address should cause the attachment to withstand challenge in this

1

regard. All of the cases cited by plaintiff alleged far more. See, e.g., Exhibit A to Plaintiff's Memorandum of Law, at 15 (involving, inter alia, "15 payments being made by Marina World Shipping on behalf of IOOA" without explanation); Exhibit B to Plaintiff's Memorandum of Law, at 7 (noting, inter alia, that "Evalend and Malev were intertwined . . . They have overlapping directors, overlapping officers"); Exhibit C to Plaintiff's Memorandum of Law, at 34-35 (noting, inter alia, allegations that "Transclear makes payments on Eastrade Commodities, Inc.'s behalf where Transclear has absolutely no contractual obligation to Eastrade Commodities Creditors . . . Transclear made a hire payment to Tide Line on behalf of Eastrade even though Transclear was not referenced in the charter party"); see also, Dolco Investments, Ltd. v. Moon River Development, Ltd., 486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007).

The pleading being facially insufficient, the claim against FENBY should be dismissed, and, though none have been demanded, plaintiff has no entitlement to subject FENBY to further proceedings. See, Berces Int'l v. De-Brecen Tartositoipari Kominat, No. 94 Civ. 3381 (KMW), 1995 U.S. Dist. LEXIS 16300, **3-4 (S.D.N.Y. Mar. 15, 1995) ("here SPA is making a facial, not a factual, attack on plaintiff's pleading . . . Because no matters of fact are at issue, discovery is not necessary . . . Thus, the facial attack succeeds, and the claim against SPA must be dismissed without allowance of even limited discovery.")

2

(citations omitted); see also, Great Am. Ins. Co. v. TA Operating Corp., No. 06 Civ. 13230 (WHP), 2008 U.S. Dist. LEXIS 33496, \*\*21-22 (S.D.N.Y. Apr. 24, 2008) ("Discovery under these circumstances would amount to a 'fishing expedition.'") (compiling cases); T&O Shipping, Ltd. v. Source Link Co., No. 06 Civ. 7724 (KMK), 2006 U.S. Dist. LEXIS 88153 (S.D.N.Y. Dec. 5, 2006) (finding that allowing continuation of attachment, found to be prima facie invalid upon Rule E hearing, pending amendment of pleadings "would raise serious due process concerns.").

POINT II.   EVEN WERE THE COURT TO CONSIDER THE NEWLY-PRESENTED FACTUAL ALLEGATIONS AS IF THEY HAD BEEN PLEADED, THEY WOULD STILL FAIL TO ESTABLISH A PRIMA FACIE ALTER-EGO CLAIM.

Plaintiff now points to the complaint in Baja Ferries USA LLC. v. Calder Seacarrier Corp. as further evidence of FENBY's alter-ego relationship with CALDER, since the Baja Ferries complaint also alleges as much. (Exhibit 3 to Davies Declaration). The Baja Ferries complaint concerns hire for the M/V RENATA, allegedly unpaid because of the very attachment at issue in this action. Id. It is hardly surprising, therefore, that the Baja Ferries Complaint makes against FENBY the same alter-ego allegations, obviously drawn directly from GOODEARTH's Complaint.

But, in any event, contrary to the misplaced assumption of plaintiff's counsel, the wire's reference to payment of freight for the M/V RENATA does not show that a non-party to the charter

3

of the vessel was making payments.  See, Exhibit D-E to Wolfson Reply Declaration.  FENBY was a charterer of the RENATA and thus had every reason to pay freight "to owners' nominated bank account."  Id.  Indeed, the existence of an arms-length fixture contract between FENBY and CALDER conclusively belies the alter-ego allegation.  Id.  While the Baja Ferries complaint alleges that CALDER agreed to $1,500,000 in freight, moreover, (Exhibit 3 to Davies Declaration, at ¶¶ 9-10), FENBY's fixture with CALDER called for $1,540,000.  (Exhibit D to Wolfson Reply Declaration).  Surely, companies that are really "one-and-the same" have no reason to enter into contracts with one another through brokers, let alone earn a profit at the other's expense.  The unfounded allegations of GOODEARTH have just snowballed into two separate lawsuits by U.S. lawyers who are obviously unaware of the fundamental facts now unequivocally established for the Court by the fixture contracts. Id.

Finally, plaintiff argues that Captain Michalitses has also been identified as CALDER's chartering manager.  But his position with CALDER ceased in November of 2007.  (Exhibit F to Wolfson Reply Declaration).  Since that time, he has been working for FENBY.  Id.  It should scarcely arouse suspicion that he would refer cases to the lawyers he knows in New York, or that contacts with CALDER would be called upon in fixing vessels.  The important point is that the Court now has testimony under penalty of perjury that "there are different shareholders and directors in each

company." Id.

No reasonable basis for the ex parte seizure of FENBY's assets can be found on these facts. As Captain Michalitses has declared, FENBY's address is different than CALDER's. And, notably, plaintiff has failed to come forward with support for its contention in this regard, other than erroneous post-suit hearsay correspondence from the intermediary bank's lawyer, probably merely repeating the name and address information placed on the bank's filter by virtue of the attachment papers. FENBY and CALDER have separate officers and directors. And hire was paid on the M/V RENATA because of FENBY's own contractual obligations, not CALDER's. If the Court is inclined to examine the evidence beyond the pleadings, it should look at both sides', and plaintiff has been shown to have presented nothing but readily disproven innuendo.

But, again, even if all of plaintiff's new allegations were to be accepted arguendo, they would still fail to meet Rule E(2)'s standards. See, Dolco, 486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007) ("Other than the conclusory allegation of domination, the Complaint and the Amended Complaint both allege that GML paid Moonriver's debts to Dolco 'from time to time' . . . [M]ore is required."). As the explanations above at the very least demonstrate, there is nothing inherent in a common address and one freight payment that should support the extreme relief of Rule B attachment on the basis of alleged alter-ego status.

CONCLUSION.

WHEREFORE, FENBY urges the Court to vacate the ex parte order of maritime attachment and garnishment and grant to FENBY such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        July 11, 2008

                          Respectfully submitted,

                          MAHONEY & KEANE, LLP
                          Attorneys for Defendant
                          FENBY COMPANY LIMITED a.k.a.
                          FENBY CO. LTD.

By: _____
     Garth S. Wolfson (GW 7700)
     11 Hanover Square, Tenth Floor
     New York, New York 10005
     (212) 385-1422