UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOODEARTH MARITIME LTD.,

       Plaintiff,      08 Civ. 2028 (RMB)

  - against -         **DECISION & ORDER**

CALDER SEACARRIER CORP.,
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and
FENBY COMPANY LIMITED a.k.a.
FENBY CO. LTD.,

       Defendants.
------------------------------------------------------------x

**I. Background**

On or about March 14, 2008, Goodearth Maritime Ltd. ("Plaintiff" or "Goodearth") filed a verified amended complaint ("Complaint") against Calder Seacarrier Corp. a.k.a. Calder Sea Carrier Corp. ("Calder"), Rolston Enterprises Ltd. ("Rolston"), and Fenby Company Limited a.k.a. Fenby Co. Ltd. ("Fenby") (collectively, "Defendants"), alleging that Defendants "failed to pay freight as required by the [January 4, 2008] charter party" agreement and, thereby, caused Plaintiff to incur $482,775.72 in damages. (Complaint ¶¶ 10, 20.) On March 17, 2008, the Court ordered that process of maritime attachment be issued to Plaintiff pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") in the amount of $482,775.72. (See Order, dated Mar. 17, 2008.)

On or about June 24, 2008, Fenby filed an order to show cause seeking to vacate the maritime attachment pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"). Fenby argues, among other things, that it is "not a signator[y] to the charter party" and the Complaint "fails to allege specific

facts which can support an 'alter ego' claim under Rule B." (Mem. Of Law, dated June 24, 2008 ("Fenby Mem."), at 1, 5.)

On or about July 8, 2008, Plaintiff opposed Fenby's application to vacate the attachment ("Opposition") arguing, among other things, that it has "submitted sufficient evidence to show that . . . Defendants Calder and Fenby are alter-egos"; and "Fenby's insistence that Plaintiff's pleadings are insufficient and that Plaintiff must prove its entire alter-ego case in a [Rule E] motion is based entirely on outdated case law." (Opp. at 6, 14.) On or about July 11, 2008, Fenby filed a reply brief ("Reply").

On July 15, 2008, this Court held a post-attachment hearing pursuant to Rule E. (See Hearing Transcript, dated July 15, 2008.)

## II. Legal Standard

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained," and a maritime attachment "may be vacated only in certain limited circumstances." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 443–45 (2d Cir. 2006). An attachment should not be vacated if a plaintiff shows that it "has satisfied the requirements of Rules B and E" including, among other things, that "it has a valid prima facie admiralty claim against the defendant." Id. at 445; see also Padre Shipping, Inc. v. Yong He Shipping, No. 07 Civ. 9682, 2008 WL 1869212, at *3 (S.D.N.Y. Apr. 25, 2008).

## III. Analysis

Fenby argues, among other things, that Plaintiff fails to allege "corporate domination and control sufficient to pierce the corporate veil"; and that the allegation that Defendants "share a common address" is "plainly insufficient as a matter of law under Rule E's heightened pleading standard." (Fenby Mem. at 3, 5.)

2

Plaintiff counters, among other things, that it has made "several detailed allegations regarding the alter ego relationship between Calder and Fenby including specific evidence of common telephone numbers, fax numbers, and addresses"; Fenby "has paid freight on vessels chartered to Calder"; and "Panos Michalitses, . . . the manager of Fenby," has "signed a declaration on behalf of and as manager of . . . Calder" in an unrelated lawsuit. (Opp. at 12–13.)

"The majority of courts in this district . . . require the application of the prima facie standard," Dolco Invs., Ltd. v. Moonriver Dev., Ltd., 486 F. Supp. 2d 261, 266 (S.D.N.Y. 2007), where the "Court [is to] look only to the Complaint" in deciding whether Plaintiff's attachment is valid, Wilhelmsen Premier Marine Fuels v. UBS Provedores Pty. Ltd., 519 F. Supp. 2d 399, 410 (S.D.N.Y. 2007). Some courts apply a "reasonable grounds" standard, see Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275 (S.D.N.Y. 2006), where the Court may consider "the totality of Plaintiff's allegations, including those offered in their opposition briefs and at the [Rule E] hearing," Maersk, Inc. v. Neewra, Inc., 443 F. Supp. 2d 519, 530 (S.D.N.Y. 2006). Plaintiff's attachment is valid under both approaches.

Plaintiff has made a prima facie claim for piercing the corporate veil in that the Complaint asserts, among other things, that Fenby and Calder are "alter-egos" who share "a common address and common phone [i.e. +30210-9659910] and fax numbers [i.e +30210-9659466]"; Fenby is a "shell-corporation through with Calder does its business"; "Fenby has been described in the shipping industry as a paper company"; and "Fenby and Calder are joint venturers." (Complaint ¶¶ 31–36); see also SPL Shipping Ltd. v. Gujarat Cheminex Ltd., No. 06 Civ. 15375, 2007 WL 831810, at *4 (S.D.N.Y. Mar. 15, 2007); Brave Bulk Transport Ltd. v. Spot On Shipping Ltd., No. 07 Civ. 4546, 2007 WL 3255823, at *9 (S.D.N.Y.

Oct. 30, 2007) (Court upheld attachment where plaintiff alleged, among other things, "alter ego" status, defendant was a "shell corporation"; and defendants were "joint venturers").

Plaintiff also provides evidence — beyond the allegations in the Complaint — that Fenby and Calder may share "common principals" and that Fenby may have acted as a "paying agent" for Calder. (Opp. at 12); see also Wilhelmsen, 519 F. Supp. 2d at 410; Ullises Shipping Corp. v. FAL Shipping Co., 415 F. Supp. 2d 318, 324 (S.D.N.Y. 2006) (plaintiff "presented enough evidence to satisfy its [reasonable grounds] burden" where the alter ego paid one of the "shipping debts" of the primary defendant); Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir. 1991) (factors that "tend to show that [maritime] defendant was a dominated corporation" include "overlap in ownership, officers, directors, and personnel . . . common office space, address and telephone numbers . . . [and] the payment or guarantee of debts of the dominated corporation by other corporations in the group").

**Amendment**

Plaintiff requests leave to "file a Verified Second Amended Complaint to include additional alter ego evidence" and Fenby "does not oppose" this request. (See Opp. at 14); (see also Hearing Transcript, dated July 15, 2008.) "The Federal Rules of Civil Procedure favor liberal amendment of pleadings" and granting Plaintiff leave to amend is consistent with that policy. See Nevitt Import Corp. v. Mitsui O.S.K. Lines, Inc., No. 93 Civ. 8074, 1995 WL 406004, at *1 (S.D.N.Y. July 10, 1995). Plaintiff may serve and file an amended complaint within 10 days of the date of this Order.

**IV.   Conclusion and Order**

For the reasons stated herein, Fenby's motion to vacate [#10] is denied. Plaintiff is granted leave to amend its Complaint within 10 days from the date of this Order.

The parties are directed to appear for a status/settlement conference on October 1, 2008 at 10:30 a.m. in Courtroom 21D (21st floor), 500 Pearl Street, U.S. District Courthouse. **The parties are expected to engage in good faith settlement discussions prior to the conference.**

Dated: New York, New York
      July 21, 2008

*/s/ Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**