UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GOODEARTH MARITIME LTD.,                          :

        Plaintiff,                                     :        08 CV 2028 (RMB)
                                                                            ECF CASE
    - against -                                         :

CALDER SEACARRIER CORP.,                         :
a.k.a. CALDER SEA CARRIER CORP.,
ROLSTON ENTERPRISES LTD., and            :
FENBY COMPANY LIMITED a.k.a. FENBY
CO. LTD.,                                                        :

        Defendants.                                 :
-----------------------------------------------------------X

## VERIFIED SECOND AMENDED COMPLAINT

The Plaintiff, GOODEARTH MARITIME LTD. (hereinafter "Plaintiff"), by its

attorneys, Tisdale Law Offices, LLC, as and for its Verified Second Amended Complaint against

the Defendants, CALDER SEACARRIER CORP. a.k.a. CALDER SEA CARRIER CORP.

(hereinafter "Calder"), ROLSTON ENTERPRISES LTD. (hereinafter "Rolston") and FENBY

COMPANY LIMITED a.k.a. FENBY CO. LTD. (hereinafter "Fenby")(collectively referred to

as "Defendants") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Federal Rule of

Civil Procedure 9(h) and 28 United States Code § 1333.

2.      At all material times, Plaintiff was and still is an entity duly organized and

existing by virtue of foreign law with a principal place of business in Chennai, India.

3.      Upon information and belief, at all material times, Defendant Calder was and still

is an entity duly organized and existing by virtue of foreign law with a principal place of

business in Athens, Greece.

-1-

4.     Upon information and belief, at all material times, Defendant Rolston was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

5.     Upon information and belief, at all material times, Defendant Fenby was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Athens, Greece.

6.     By a charter party dated January 4, 2008, which terms are confidential between the parties, Plaintiff chartered the motor vessel "GOOD TRADE" (hereinafter the "Vessel") to the Defendant Calder for the carriage of a cargo from "1/3 safe port safe China" to "1/3 safe port safe med."

7.     Pursuant to clause 21 of the charter party described herein, the Defendant Calder was obligated to pay freight for the carriage of goods from the loadport(s) in China to the discharging port(s) in the Mediterranean.

8.     Pursuant to clause 13 of the charter party, the total freight due under the charter party was a lumpsum of $3,500,000.   Pursuant to clause 21 of the charter party, 97% of the freight minus applicable commission was to be paid within three banking days after completion of loading at each port.

9.     The Vessel properly loaded its cargo in China and the Vessel arrived at the discharge port without incident.

10.     Three banking days later, Calder failed to pay freight as required by the charter party terms.

11.     The Plaintiff continued to demand payment of the outstanding freight due and owing under the charter party.

12.     As a result of the defendant Calder's failure to timely remit the outstanding freight, the freight prepaid Bills of Lading were not released and the Vessel was detained at the discharge port.

13.     Furthermore, the Plaintiff incurred the cost of underwater diving expenses at Singapore for the Vessel's touching bottom at Shanghai due to unsafe berth provided by Calder.

14.     These underwater diving expenses are for Calder's account under the terms of the charter party and despite due demand, the defendant Calder has failed to reimburse the Plaintiff for these costs.

15.     In breach of the charter party, defendant Calder failed to pay freight in a timely manner and failed to issue Bills of Lading in conformity with the charter party. As a result, Plaintiff incurred detention and interest on the unpaid freight at the commercial rate of 15.25% of the outstanding late freight while waiting off Misurata for freight to be paid and the Bills of Lading to be released as required by the charter party. The Plaintiff also incurred costs for underwater diving expenses *See Invoices from Goodearth to Calder dated March 5, 2008 annexed hereto as Exhibit "1."*

16.     Upon information and belief, Calder ultimately paid the outstanding freight but has failed to pay the detention charges and other expenses that arose out of Calder's failure to pay freight and properly issue the Bills of Lading in breach of the charter party terms.

17.     Specifically, Plaintiff has suffered losses in the total principal sum of $306,227.91, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

18.     Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

19.     In accordance with the charter party, the Plaintiff has commenced arbitration in London and appointed its arbitrator.

20.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

A.     Principal claim:                                                                           $306,227.91

Detention                                              $270,000.0

Underwater diving expenses
incurred at Singapore for vessel's
touching bottom at Shanghai due to
unsafe berth provided by Calder           $6,000.00

Interest on unpaid freight                     $30,227.91

B.     Estimated interest on the principal claim at 7.5%
compounded quarterly for three years

$76,547.81

C.     Estimated attorneys fees:                                                           $50,000.00

D.     Estimated Arbitration costs:                                                       $50,000.00

Total:                                                                                          **$482,775.72**

21.     Upon information and belief, Defendant Rolston is the alter ego of Defendant Calder because Calder dominates and disregards Rolston's corporate form to the extent that Calder is actually carrying on the business and operations of Rolston as if the same were its own.

22.     Defendants Rolston and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece.

23.    Upon information and belief, Defendant Rolston acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Calder, and/or receive payments being made to Defendant Calder.

24.    Specifically, Defendant Rolston made at least three freight payments due and owing under the subject charter party on behalf of defendant Calder to the Plaintiff. *See Freight Payments annexed hereto as Exhibit "2."*

25.    Upon information and belief, Defendant Calder uses Defendant Rolston as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

26.    Although Rolston was not named in the charter party, and had no formal relationship to the charter of the Vessel they entered into an agreement by which they paid installments of the freight owing to Plaintiff from Calder.

27.    It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter parties.

28.    Upon information and belief, Defendant Rolston is a shell-corporation through which Defendant Calder conducts its business.

29.    Upon information and belief, Defendant Rolston has no separate, independent identity from Defendant Calder.

30.    In the further alternative, Defendants Rolston and Calder are partners or joint venturers.

–5–

31.     Upon information and belief, Defendant Fenby is the alter ego of Defendant Calder because Calder dominates and disregards Fenby's corporate form to the extent that Calder is actually carrying on the business and operations of Fenby as if the same were its own.

32.     Upon information and belief, Defendants Fenby and Calder share a common address of: Voula, Vas. Pavlou, Athens, Greece and common phone (+30210-9659910) and fax numbers (+30210-9659466).

33.     Upon information and belief, Defendant Calder uses Defendant Fenby as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

34.     Although Fenby was not named in the charter party for the vessel RENATA, and had no formal relationship to the charter of the Vessel they entered into an agreement by which they paid freight or hire owing to the vessel owners by Calder.

35.     It is not common practice in the maritime industry for an independent company to pay another company's debt. Fenby and Calder attempt to cover this discrepancy by creating a "paper" charter between them and by using the "broker", Sea Pride, to verify the alleged arm's length transaction. In fact, Sea Pride is another alter ego of Calder, and maintains the same office address and phone number as Fenby.

36.     A similar scheme to avoid creditors to those existing today with Calder, Fenby and Sea Pride previously existed with Calder, Sea Pride and another entity, Universal Cargo Lines ("Universal"). Upon information and belief, these entities are controlled by or for the benefit of Capt. Panagiotis Mihalitsis, who has executed declarations or affidavits for Universal, Fenby and Calder in different cases in this court.

37.    Upon information and belief, Defendant Fenby is a shell-corporation through which Defendant Calder conducts its business.

38.    Upon information and belief, Defendant Fenby has no separate, independent identity from Defendant Calder.

39.    Upon information and belief, Fenby has been described in the shipping industry as a "paper company." Further, the Plaintiff commissioned company searches through Lloyd's MIU and Factiva which yielded no results except that Fenby is registered in the Marshall Islands.

40.    In the further alternative, Defendants Fenby and Calder are partners or joint venturers.

41.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

42.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Amended Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$482,775.72** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Amended Complaint;

C.     That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 30, 2008
     New York, NY

The Plaintiff,
GOODEARTH MARITIME LTD.,

By:

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut )
                  )    ss: SOUTHPORT
County of Fairfield )

1.      My name is Lauren C. Davies.

2.      I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3.      I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4.      I have read the foregoing Verified Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5.      The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6.      The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: July 30, 2008
       Southport, Connecticut

                                       _____
                                       Lauren C. Davies

# EXHIBIT 1

GOODEARTH MARITIME LTD
TVH PHASE II , 5TH FLOOR
BLOCK NO 94 , BELICIAA TOWERS
MRC NAGAR , CHENNAI 6000 028
Ph +91 44 43033444 (10 lines)  Fax +91 44 43033555

| Debit Note No | | CMB-2 |
|---|---|---|
| Date: | | 05.03.08 |

**Damages for Detention at dischrge port (Misurata)**

TO
CALDER SEACARRIER CORP.

|  | Amount in USD |
|---|---|

M.V.GOOD TRADE                                        c/p dated 04.01.08

Vessel arrived off Misurata          9.000  days
28.02.08-0030 hrs and estimated
waiting time till full freight is paid -
08.03.08-0030 hrs

Detention charges per day          30000.00  usd

|  | |
|---|---|
| | 270,000.00 |

Estimated cost of legal and other expenses due to charterers failure to pay freight and
issue of illegal bills of lading in breach of cp terms.

| | 50,000.00 |
|---|---|

Underwater diving expenses incurred at Singapore for vessel's touching bottom
at Shangai due to unsate berth provided by charterers

| | 6,000.00 |
|---|---|

For Credit
Correspondant Bank In Newyork
Bank of America
100 West, 33rd Street, 4th Floor
New York NY 10001
Quoting our UID 113846 - via Chips or via Fedwire to
ABA No. 026009593
A/c No. 6550-5-91876 of Canara Bank, Chennai,India

Further credit to :
Beneficiary : Goodearth Maritime Ltd
Account no : GA 471
Canara Bank  Overseas Branch, Chennai
Swift: CNRBINBBMOB
Chennai 600 002.
India

| Total | 326,000.00 |
|---|---|

Amount Payable
(in words)

(US Doliars Three Hundred Twenty Six Thousand Only)

Signature

For Goodearth Maritime Ltd

Capt.C.Murali Krishna
Joint-General Manager -Operations

# EXHIBIT 2

केनरा बैंक
CANARA BANK

*GII 272-09*

\*\*\*\* RECEIVED MESSAGE \*\*\*\*\*          15-FEB-2008 19:55   page no : 9359

tus  : MESSAGE DELIVERED
tion :            BEGINNING OF MESSAGE

\*FIN/Session/OSN          :F01    9842    292578
\*Own Address              :CNRBINBBAbID   CANARA BANK
\*                                         MUMBAI
\*                                         (INTERNATIONAL DIVISION)
\*Output Message Type      :103            SINGLE CUSTOMER CREDT TRANSFER
\*Input Time               :1356
\*MIR                      :080215PIRBGRAAAXXX4779570261
\*Sent by                  :PIRBGRAAAXXX  PIRAEUS BANK SA
\*                                         ATHENS
\*Output Date/Time         :080215/1726
\*Priority                 :Normal

\*(3:{119:STP})

\*20 /SENDER'S REFERENCE
\*       F926T09036041
\*23B/BANK OPERATION CODE
\*       CRED
\*32A/VAL DTE/CURR/INTERBNK SETTLD AMT
\*       080215USD985000,
\*                           15-FEB-2008
\*                           US Dollar                    985,000.00
\*33B/CURRENCY/INSTRUCTED AMOUNT
\*       USD985000,
\*                           US Dollar
\*50K/ORDERING CUSTOMER-NAME & ADDRESS
\*       /GR1601721140005114035951041
\*       ROLETON ENTERPRISES LIMITED
\*       VOULA
\*       VAS. PAVLOU
\*       108            TK 16673
\*53A/SENDER'S CORRESPONDENT - BIC
\*       IRVTUS3NXXX
\*                           BANK OF NEW YORK
\*                           NEW YORK,NY
\*
\*54A/RECEIVER'S CORRESPONDENT - BIC
\*       BOFAUS3N
\*                           BANK OF AMERICA, N.A.
\*                           NEW YORK,NY
\*
\*57A/ACCOUNT WITH INSTITUTION - BIC
\*       CNRBINBBMDB
\*                           CANARA BANK
\*                           CHENNAI (MADRAS)
\*                           (CHENNAI OVERSEAS BRANCH)
\*
\*59 /BENEFICIARY CUSTOMER-NAME & ADDR
\*       /6A471
\*       GOODEARTH MARITIME LTD
\*70 /REMITTANCE INFORMATION
\*       M/V GOOD TR-PAYMENT OF FREIGHT
\*71A/DETAILS OF CHARGES

RTH MARITIME LTD
RTH CRESCENT ROAD
R, CHENNAI-17
, TAMIL NADU -600017

CANARA BANK
OVERSEAS BRANCH CHENNAI
GROUND FLOOR SPENCER'S TOWER II,
770-A ANNA SALAI CHENNAI 600002 INDIA
CHENNAI, TAMIL NADU -600002
30-01-2008

## FOREIGN BILLS TRANSACTION ADVICE

o. FITT-165-2008
ction Id : SC0561394

Operation : Realisation
Transaction Date : 30-01-2008
VALUE DATE :::29-01-2008

er Details:                    ROGGTON
cy Conversion Details are as below :

| From Currency / Amount | | Rate | To Currency / Amount |
| --- | --- | --- | --- |
| se : | USD   500000.00 | 39.3550 | INR   19677500.00 |

ction Details are as below :

| t | Account Number | Transaction Currency | Amount | Cr/ Dr | |
| --- | --- | --- | --- | --- | --- |
| ation | Office Acct | INR | 19677500.00 | Dr | |
| ive | EWGA000000471 | INR | 19677500.00 | Cr | 39.3550 |
| sion | Office Acct | INR | 125.00 | Cr | |
| arge | Office Acct | INR | 15.00 | Cr | |
| ive | EWGA000000471 | INR | 140.00 | Dr | |

Grnd Totol -v 37

CANARA BANK

```
To,                                          CANARA BANK
GOODEARTH MARITIME LTD                       OVERSEAS BRANCH CHENNAI
32-D NORTH CRESCENT ROAD                     GROUND FLOOR SPENCER'S TOWER II,
T NAGAR, CHENNAI-17                          770-A  ANNA SALAI CHENNAI 600002  INDIA
CHENNAI , TAMIL NADU -600017                 CHENNAI  TAMIL NADU -600002   06-02-2008
INDIA
```

FOREIGN BILLS TRANSACTION ADVICE

```
                                             Operation : Realisation
Bill No.  FITT-214-2008                       Transaction Date : 06-02-2008
Transaction Id : SC0562572                    VALUE DATE :::06-02-2008
```

Remitter Details:        REGISION ENTERPRISES LTD
Currency Conversion Details are as below :

```
From Currency / Amount        Rate  To Currency / Amount

USD              39.5700       INR       2453340.00
```

Transaction Details are as below :

```
Purchase :     USD    6200000.00   39.5700   INR   2453340.00
```

| Account Type | Account Number | Transaction Currency | Transaction Amount | Dr/ Amount Dr |
|---|---|---|---|---|
| Realisation | Office Acct | EUGA0000000471 | INR | 2453340.00 Dr |
| Operative | Office Acct | EUGA0000000471 | INR | 2433340.00 Cr |
| Commission | Office Acct | | INR | 125.00 Cr |
| P&T Charge | Office Acct | | INR | 15.00 Cr |
| Operative | EUGA0000000471 | | INR | 140.00 Dr |

GOODEARTH MARITIME LTD
2-D NORTH CRESCENT ROAD
NAGAR, CHENNAI-17
CHENNAI ,TAMIL NADU -600017
INDIA

CANARA BANK
OVERSEAS BRANCH CHENNAI
GROUND FLOOR SPENCER'S TOWER II,
770-A  ANNA SALAI CHENNAI 600002 INDIA
CHENNAI, TAMIL NADU -600002

19-02-2008

## FOREIGN BILLS TRANSACTION ADVICE

Operation : Realisation
Transaction Date : 18-02-2008
VALUE DATE :::18-02-2008

Bill No.   FIIY-272-2008
Transaction Id : SC0564394

### Remitter Details:
### Currency Conversion Details are as below :

| From Currency / Amount | | Rate | To Currency / Amount | |
|---|---|---|---|---|
| USD | 985020.00 | 39.6350 | INR | 39040475.00 |

Purchase :

FOREIGN ENTERPRISES LTD

### Transaction Details are as below :

| Account Type | Account Number | Transaction Currency | Transaction Amount | Cr/ Dr | Dr/Cr |
|---|---|---|---|---|---|
| Realisation | Office Acct EWGA00000471 | INR | 39040475.00 Dr | | 39.6350 |
| Operative | Office Acct EWGA00000471 | INR | 39040475.00 Cr | | |
| Commission | Office Acct EWGA00000471 | INR | 125.00 Cr | | |
| S&T Charge | Office Acct EWGA00000471 | INR | 15.00 Cr | | |
| Operative | | INR | 140.00 Dr | | |

GOODEARTH MARITIME LTD
TVH PHASE II, 5TH FLOOR
BLOCK NO 94 , BELICIAA TOWERS
MRC NAGAR , CHENNAI 6000 028
Ph +91 44 43033444 (10 lines)  Fax  +91 44

Debit Note No : GML/GT/CALDER/V-37-07/07-08
Date: 05.03.08
Interest on unpaid proportionate freight due advice for
1 st and    2nd load port

TO
CALDER SEACARRIER CORP.

|  | | Amount in USD |
|---|---|---|
| M.V.GOOD TRADE | c/p dated 04.01.08 | |
| Propotionate initial freight due advice dt 22.01.08 for 1st load port (net of comissions) | $2,108,218.17 | |
| Loading completed on 22.01.08 | overdue from 25.01.08 | |
| Interest @ 15.25 % P.A. on USD 2108218.17 from 25.01.08 - 28.01.08 | $ 2106218.17 x 15.25% x 4 days/ 366 days | 3,513.70 |
| Amount received from charterers on 29.01.08 | $500,000 | |
| unpaid balance fright on 1st load port invoice  $ | 1608218.17 | |
| Interest @ 15.25 % P.A. on USD 1608218.17 from 29.01.08-04.02.08 | $ 1608218.17 x 15.25% x 7 days/ 366 days | 4,690.64 |
| Amount received from charterers on 05.02.08 | $620,000 | |
| unpaid balance freight  on 1st load port invoice $ | 988218.17 | |
| Interest @ 15.25% P.A. on USD on 988218.17 from 05.02.08-14.02.08 | $ 988218.17 x 15.25% x 10 days/ 366 days | 4,117.58 |
| Amount received from charterers on 15.02.08 | $985,000 | |
| unpaid balance freight on 1st load port as on 15.02.08 3218.17 $ | | |
| Interest @ 15.25 % P.A. on 1st load port invoice  from 15.02.08-08.03.08 | $ 3218.17 x 15.25% x 23 days/ 366 days | 30.84 |
| Propotionate initial freight due advice dt 30.01.08 for 2nd load port (net of comissions) | $1,159,469.33 | |
| Loading completed on 29.01.08 | overdue from 01.02.08 | |
| Interest @ 15.5 % P.A. on USD 1159469.30 from 01.02.08 - 08.03.08 | $ 1159469.30 x 15.25% x 37 days/ 366 days | 17,875.15 |

For Credit
Correspondant Bank in Newyork
Bank of America
100 West, 33rd Street, 4th Floor
New York NY 10001
Quoting our UID 113846 - via Chips or via Fedwire to
ABA No. 026009593
 A/c No. 6550-5-91676 of Canara Bank, Chennai,India

Further credit to :
Beneficiary : Goodearth Maritime Ltd
Account no : GA 471
Canara Bank  Overseas Branch, Chennai
Swift: CNRBINBBMOB
Chennai 600 002,
India

Note : 1).Interest on 1st load port unpaid freight of $ 3218.17 would continue to accrue at the rate of $ 1.34 for every day from 08.03.08 till the date of payment.

2) Interest on 2nd load port unpaid freight of $ 1159469.33 would continue to accrue at the of $ 483.11 for every day from 08.03.08 till the date of payment.

|  | | 30,227.91 |
|---|---|---|

Amount Payable :
(in words)
(US Dollars Thirty Thousand Two Hundred Twenty Seven and cents Ninety one only)

Signature
For Goodearth Maritime Limited

Capt.C.Murali Krishna
Joint Genral Manager - Operations